UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC. and JOHN ROE,<br>Plaintiffs,<br><br>v.<br><br>JUDGE WAYNE MACK in his personal capacity and in his official judicial capacity on behalf of the State of Texas,<br>Defendants. | § § § § § § § § § § § § | CASE NO. 4:19-cv-1934 |

**PROPOSED PROTECTIVE ORDER**

On motion of the Plaintiffs and for good cause shown,

IT IS HEREBY ORDERED:

1. The individual plaintiff herein shall be allowed to proceed in this cause with the use of the pseudonym John Roe in place of his true identity. The parties shall use the pseudonym John Roe in all pleadings, papers, hearings, and in open court, and other statements and documents that are matters of public record.

2. Plaintiffs' counsel shall disclose the individual plaintiff's identity and address to Defendants' attorneys, but Plaintiffs and their counsel shall not be required to disclose the individual plaintiff's identity to Defendants or the public generally.

3. Defendants' attorneys are not permitted to disclose the individual plaintiff's identity to Defendants or the public generally. Defendants are not permitted to use information disclosed through discovery in this case for the purpose of conducting any independent research into the identity of the individual plaintiff or making any inquiries into the identity of the individual plaintiff.

4. Defendants' attorneys are permitted to disclose the individual plaintiff's identity, address, or other information from which Defendants' attorneys know that the individual plaintiff's identity can be discerned to other attorneys assisting in the litigation of this case, paralegals, legal assistants, and other support staff only if (i) such disclosure is necessary to allow counsel to fully and fairly represent Defendants and (ii) each assisting attorney, paralegal, assistant, or other support staff to whom such disclosure is made, prior to the making of such disclosure, is given a copy of this order, reads it, and understands its content and that he or she is subject to it. Defendants' counsel is otherwise forbidden from intentionally disclosing to any person, including Defendants, the individual plaintiff's identity, address, or other information from which Defendants' attorneys know that the individual plaintiff's identity can be discerned.

5. All court personnel (including court reporters and their staff or agents) who learn the individual plaintiff's identity, address, or other information from which his identity can be discerned are hereby prohibited from intentionally disclosing to any person the plaintiff's identity, address, or other information from which court personnel know that the individual plaintiff's identity can be discerned.

6. If the individual plaintiff's identity, address, or other information from which plaintiff's identity can be discerned are disclosed in any depositions transcripts, responses to interrogatories, or other discovery documents, the party providing such information must identify it as confidential by labeling any pages containing the plaintiff's identity, address, or other information from which the plaintiff's identity can be discerned with the word "CONFIDENTIAL" and binding those pages in a separate document labeled "CONFIDENTIAL." The party providing such

information must also provide a non-confidential version of any such discovery documents that redacts any confidential information. Such non-confidential versions may be publicly disclosed.

7. Any pleadings or documents that disclose the plaintiff's identity, address, or other information from which the plaintiff's identity can be discerned shall not be publicly filed with the Court but may be filed with the Court only under seal, in envelopes marked with the caption of this action and the words "DOCUMENT UNDER SEAL PURSUANT TO ORDER OF COURT."

8. It is the intent of this order to preserve the anonymity of the individual plaintiff and afford the parties adequate information to effectively litigate this case. Failure by any person to comply with the terms of this Order may constitute contempt of court.

ENTERED on this _____ day of _____, 2019.

_____