UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FREEDOM FROM RELIGION** | § | |
| **FOUNDATION, INC. and JOHN ROE,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | **CASE NO. 4:19-cv-1934** |
| | § | |
| **JUDGE WAYNE MACK in his personal** | § | |
| **capacity and in his official judicial capacity** | § | |
| **on behalf of the State of Texas,** | § | |
| | § | |
| *Defendants.* | § | |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

1.  State where and when the meeting of the parties required by Rule 26(f) was held,
    and identify the counsel who attended for each party.
    **From October 22 through November 4, the parties conferred by email to
    develop a joint discovery/case management plan. Attorney Sam Grover
    participated as counsel for Plaintiffs, with Attorney Elizabeth Cavell also
    notified. Attorneys Brad Hubbard and Bennett Rawicki participated as
    counsel for Judge Mack in his personal capacity, with Attorneys Allyson
    Ho and Mike Berry also notified. Assistant Attorney General Christopher
    Hilton was invited to participate, but declined, explaining, "I will not be
    participating in the 26(f) conference because I do not represent a party to
    this litigation. *See* Fed. R. Civ. P. 26(f)(1) ("[T]he *parties* must confer . . . .")
    (emphasis added)."**

2.  List the cases related to this one that are pending in any state or federal court with
    the case number and court.
    **The parties are unaware of any pending related cases.**

3.  Briefly describe what this case is about.
    **Defendant Mack serves as the elected Justice of the Peace for Justice
    Court Precinct No. 1 in Montgomery County, Texas. Plaintiffs allege
    Defendant Judge Wayne Mack, in his personal capacity and in his official
    judicial capacity on behalf of the State of Texas, implemented a courtroom-
    prayer practice during which a guest chaplain delivers a prayer in front of
    those assembled in the courtroom before the start of each court session.
    Plaintiffs object to this alleged courtroom-prayer practice as a violation of**

the Establishment Clause of the First Amendment. The Plaintiffs are an individual attorney who has observed the Defendants' alleged courtroom-prayer practice and a non-profit membership organization devoted to the separation of church and state.

Plaintiff Freedom from Religion Foundation and three pseudonymous individuals sued in 2017 to stop the same practice by Judge Mack (Case No. 4:17-CV-0881 (S.D. Tex.). In that case, Plaintiffs sued Judge Mack in his official capacity on behalf of Montgomery County, Texas. In 2018, Judge Werlein dismissed the claims against the County for lack of Article III standing.

4.      Specify the allegation of federal jurisdiction.
        **Plaintiffs allege that this Court has federal question jurisdiction pursuant to 28 U.S.C. §1331.**

5.      Name the parties who disagree and the reasons.
        **Defendant Mack in his personal capacity objects that no Plaintiffs have standing, for the reasons stated in his Motion to Dismiss and Brief in Support (Doc. 12).**

        **The State of Texas has entered an appearance as a third party and filed a Motion for Leave to File Brief Regarding Its Interests (Doc. 20). Through its proposed Brief the State objects that no Plaintiffs have standing for the reasons set forth therein.**

        **No appearance has been entered on behalf of Judge Mack in his official judicial capacity.**

6.      List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.
        **The parties do not presently anticipate that any additional parties should be included.**

7.      List anticipated interventions.
        **The parties do not presently anticipate any interventions.**

8.      Describe class-action issues.
        **There are no class-action issues in this matter.**

9.      State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.
        **The parties have not yet made their initial disclosures but have agreed to make the required disclosures within the time required by Rule 26(a)(1)(C).**

10.     Describe the proposed agreed discovery plan, including:
        A.      Responses to all the matters raised in Rule 26(f).
           **(A) Judge Mack plans to file a Motion to Stay Discovery Pending Decision on His Motion to Dismiss. This motion will request a stay of**

all discovery except initial disclosures, which Judge Mack has agreed to do. Plaintiffs are opposed to this motion.

(B) Plaintiffs anticipate taking discovery on the policies with regard to all aspects of the challenged courtroom-prayer practice; the means used to select prayer leaders; the means used to determine the content of prayers; whether the courtroom-prayer practice serves a secular purpose; whether the practice has the effect of promoting particular religious beliefs; whether the practice fosters an excessive entanglement between government and religion; whether the practice creates a coercive environment that pressures attendees to participate; the person or persons responsible for enacting policies within the Precinct 1 Court; and other areas relevant to the alleged courtroom-prayer practice.

Judge Mack anticipates taking discovery on both jurisdiction and the merits, including the Plaintiffs' alleged injuries, the individual Plaintiff's alleged membership in Plaintiff Freedom from Religion Foundation, the individual Plaintiff's experiences in Judge Mack's courtroom, the custom and practice of other justices of the peace in Montgomery County and other Texas counties, Plaintiffs' backgrounds and other lawsuits in which Plaintiffs have been parties, and the organization and membership of FFRF and other aspects of FFRF with regard to FFRF's standing.

The parties suggest a discovery deadline 240 days after discovery commences, thus allowing for the drafting and filing of summary judgment motions well before the trial date. The parties are not in agreement as to when discovery should commence (see #11, below).

(C) The parties do not anticipate any issues related to the preservation of electronically stored information. Any electronically stored information will be produced either (1) in PDF format, with optical character recognition where possible, or (2) in industry-standard formats (e.g., TIFF images, TXT files, native files) with accompanying load files containing metadata and cross-reference information.

(D) With regard to claims of privilege, the parties agree that privilege logs will be produced along with their discovery responses, and said logs shall state whether any documents have been withheld in connection with each such privilege claim. The log will also provide necessary information explaining the basis of the claim of privilege. The parties also stipulate that communications between co-counsel are in fact privileged and need not be listed in said logs.

(E) The parties do not believe any changes should be made to the discovery limitations imposed by the applicable rules, with the exception of the additional limitations in Plaintiffs' Proposed Protective Order (Doc. 2-1).

(F) The parties do not request any orders pursuant to Rule 16 or Rule 26(c), with the exception of Plaintiffs' Motion for Protective Order (Doc. 2), which is pending before the Court, and Judge Mack's forthcoming Motion to Stay Discovery Pending Decision on His Motion to Dismiss.

B.      When and to whom the plaintiff anticipates it may send interrogatories.
        **Plaintiffs anticipate they will send interrogatories to Defendant
        Mack, in both his personal and official judicial capacities, within 30
        days after discovery commences.**

C.      When and to whom the defendant anticipates it may send interrogatories.
        **Judge Mack anticipates serving interrogatories on Plaintiffs within
        60 days after discovery commences.**

D.      Of whom and by when the plaintiff anticipates taking oral depositions.
        **Plaintiffs anticipate deposing Defendant Mack in both his personal
        and official judicial capacities, as well as additional third parties
        identified as being involved in the courtroom-prayer practice and
        related practices subject to this suit. Plaintiffs anticipate completing
        depositions no later than 120 days after discovery commences.**

E.      Of whom and by when the defendant anticipates taking oral depositions.
        **Judge Mack anticipates deposing Plaintiffs and any other person or
        organization Plaintiffs identify in initial disclosures. Judge Mack
        anticipates completing depositions 180 days after discovery
        commences.**

F.      When the plaintiff (or the party with the burden of proof on an issue) will be
        able to designate experts and provide the reports required by Rule
        26(a)(2)(B), and when the opposing party will be able to designate responsive
        experts and provide their reports.
        **Judge Mack shall designate any expert witnesses on the issue of the
        history of courtroom prayer, and Plaintiffs shall designate any
        experts on all other issues, no later than 120 days after discovery
        commences.**

        **Plaintiffs shall designate any responsive experts on the issue of the
        history of courtroom prayer, and Judge Mack shall designate any
        responsive experts on all other issues, no later than 180 days after
        discovery commences.**

G.      List expert depositions the plaintiff (or the party with the burden of proof on
        an issue) anticipates taking and their anticipated completion date. See Rule
        26(a)(2)(B) (expert report).
        **Plaintiffs anticipate deposing any expert witnesses designated on
        the issue of the history of courtroom prayer no later than 180 days
        after discovery commences and do not otherwise anticipate taking
        expert depositions.**

H.      List expert depositions the opposing party anticipates taking and their
        anticipated completion date. See Rule 26(a)(2)(B) (expert report).
        **Judge Mack anticipates deposing any expert witnesses designated
        by Plaintiffs no later than 240 days after discovery commences.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.
**The parties are not in agreement as to when discovery should commence. Plaintiffs believe that discovery should begin promptly after the Rule 26(f) conference, as established in Fed. R. Civ. P. 26(d)(1). Judge Mack believes that discovery should begin after the Court's decision on Judge Mack's Motion to Dismiss (if the motion is denied).**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.
**Plaintiffs conducted discovery in a prior case challenging the same courtroom-prayer practice, with Montgomery County as the sole defendant. That discovery was completed prior to July 1, 2018.**

13. State the date the planned discovery can reasonably be completed.
**The parties anticipate completing discovery 240 days after discovery commences.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.
**The parties have conferred through their counsel but do not presently believe that resolution of this case through alternative dispute resolution techniques will be effective in resolving the issues in this case.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.
**The parties have conferred through their counsel but have been unable to resolve this case.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.
**Due to the nature of the issues presented in this case, the parties do not presently believe that alternative dispute resolution techniques will be effective in resolving the issues in this case.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.
**The parties object to this matter being heard by a magistrate judge.**

18. State whether a jury demand has been made and if it was made on time.
**No party has made a demand for a jury and no party anticipates making such a demand.**

19. Specify the number of hours it will take to present the evidence in this case.
**The parties anticipate that the evidence in this case will take approximately 30 hours to present.**

20.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.
       **Plaintiffs' Motion for Protective Order (Doc. 2);**
       **Judge Mack's forthcoming Motion to Stay Discovery Pending Decision on His Motion to Dismiss.**

21.    List other motions pending.
       **Defendant Mack's Individual Capacity Motion to Dismiss (Doc. 12);**
       **State of Texas's Third Party Motion for Leave to File Brief Regarding Its Interests (Doc. 20).**

22.    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.
       **No particular matters deserve special attention in this case.**

23.    List the names, bar numbers, addresses and telephone numbers of all counsel.

**Samuel T. Grover**
**Wis. State Bar No. 1096047**
**S.D. Tex. Bar No. 3050690**
**Freedom From Religion Foundation**
**P. O. Box 750**
**Madison, WI 53701**
**Telephone: 608-256-8900**

**Elizabeth Cavell**
**Wis. State Bar No. 1089353**
**Admitted *Pro Hac Vice***
**Freedom From Religion Foundation**
**P. O. Box 750**
**Madison, WI 53701**
**Telephone: (608) 256-8900**

**Ayesha Khan**
**D.C. Bar No. 426836**
**Admitted *Pro Hac Vice***
**Rock Creek Law, LLC**
**5309 Burling Terrace**
**Bethesda, MD 20814**
**Telephone: 301-246-0346**

Counsel for Plaintiffs                                    Date Nov. 4, 2019


**Allyson N. Ho**
**Gibson, Dunn & Crutcher, LLP**
**2001 Ross Avenue**
**Suite 2100**
**Dallas, TX 75201**

**214-698-3233**
**Tex. Bar No. 24033667**
**S.D. Tex. Bar No. 1024306**

**Bradley G. Hubbard**
**Gibson, Dunn & Crutcher, LLP**
**2001 Ross Avenue**
**Suite 2100**
**Dallas, TX 75201**
**214-698-3326**
**Tex. Bar No. 24090174**
**S.D. Tex. Bar No. 3450976**

**Bennett Rawicki**
**Gibson, Dunn & Crutcher, LLP**
**2001 Ross Avenue**
**Suite 2100**
**Dallas, TX 75201**
**214-698-3322**
**Tex. Bar No. 24083708**
**S.D. Tex. Bar No. 3471399**

**Michael Dan Berry**
**First Liberty Institute**
**2001 W Plano Pkwy**
**Ste 1600**
**Plano, TX 75075**
**972-941-4444**
**Tex. Bar No. 24085835**
**S.D. Tex. Bar No. 2412537**

**John Ehrett**
**Gibson, Dunn & Crutcher, LLP**
**1050 Connecticut Ave, NW**
**Washington, DC 20036-5306**
**202-955-8262**
**Va. Bar No. 93486**
**(admitted *pro hac vice*)**

Counsel for Defendant Mack (Individual Capacity)          Date Nov. 4, 2019

**Christopher D. Hilton**
**Texas Office of the Attorney General**
**PO Box 12548**
**Capitol Station**
**Austin, TX 78711**
**512-463-2120**
**Tex. Bar No. 24087727**

Counsel for State of Texas as Third Party                    Date