IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., and JOHN ROE, | § § § § § § § § § § § § § | |
| *Plaintiffs*, | | |
| v. | | CIVIL ACTION NO. 4:19-cv-1934 |
| JUDGE WAYNE MACK, in his personal capacity and in his official judicial capacity on behalf of the State of Texas, | | |
| *Defendant*. | | |

### JUDGE MACK'S MOTION TO STAY DISCOVERY
### PENDING RESOLUTION OF HIS MOTION TO DISMISS

Judge Mack respectfully asks the Court to relieve him of the burden of discovery until the Court decides whether Plaintiffs even have standing to pursue their claims. To be clear, Judge Mack is not seeking a stay to delay a final decision in this case. He has agreed to an expeditious discovery schedule if the Court denies the motion to dismiss. Judge Mack simply wants to avoid unnecessary discovery at this stage in the litigation. Forcing Judge Mack, in his personal capacity, to respond to potentially unnecessary discovery would impose a burden that far outweighs Plaintiffs' interest in initiating a discovery process that they have no need for unless the Court denies the motion to dismiss, and no urgent need for even if that occurs. The motion to stay should be granted.

#### BACKGROUND

In September 2019, Judge Mack moved to dismiss this suit against him in his personal capacity for lack of subject-matter jurisdiction under Rule 12(b)(1), and for failure to state a claim under Rule 12(b)(6). Dkt. 12. Briefing on that motion concluded in early October 2019. Dkt. 19.

Judge Mack asked Plaintiffs to agree to stay discovery until the Court decides the motion to dismiss, but Plaintiffs refused. *See* Dkt. 27 at 2–3 (Case Management Plan). Plaintiffs have indicated that by December 4 they will serve interrogatories on Judge Mack, and by April 2020 seek the production of documents and conduct depositions of Judge Mack and others. Dkt. 27 at 3–4.[1]

So that the Court would not be burdened with considering this motion on an expedited basis, Judge Mack agreed to serve his initial disclosures while the motion to dismiss is still pending. Judge Mack requests a stay of all other discovery until the Court decides his motion to dismiss.

## STATEMENT OF THE ISSUE

Whether the Court should stay discovery pending its decision on Judge Mack's motion to dismiss under Rules 12(b)(1) and 12(b)(6).

## ARGUMENT

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 2008 WL 8465061, at *1 (S.D. Tex. Aug. 11, 2008) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). The Court should exercise that discretion to stay discovery here, as it has done in the past under similar circumstances. Specifically, there is no need to burden an individual defendant with discovery that will be entirely unnecessary if the pending motion to dismiss is granted. A stay is also warranted because the burden of the

---

[1] According to Plaintiffs, discovery commenced when the Rule 26(f) conference ended on November 4, 2019. Plaintiffs indicated in the Case Management Plan that they intend to serve interrogatories within 30 days of the commencement of discovery, and to conduct depositions within 120 days.

potentially unnecessary discovery on the individual defendant far outweighs any burden Plaintiffs would face from a modest delay of discovery.

## I. The Court should stay discovery until it decides whether jurisdiction exists.

Courts often "find[] that stay of discovery is proper" where, as here, "defendants challenge the Court's subject matter jurisdiction," because "[q]uestions of subject matter jurisdiction must be decided first." *Johnson v. Ashmore*, 2016 WL 8453918, at *1 (N.D. Tex. Jan. 22, 2016) (citing *Velera v. United States*, 2012 WL 1936313, at *12 (S.D. Tex. May 29, 2012)); *see also McPeters v. LexisNexis*, 2011 WL 13253446, at *1 (S.D. Tex. Oct. 5, 2011) ("The issuance of a stay may be particularly appropriate where the disposition of a motion to dismiss might preclude the need for the discovery altogether thus saving time and expense." (citation and quotation marks omitted)); *Smith v. Potter*, 400 F. App'x 806, 813 (5th Cir. 2010) (affirming stay of discovery because "the issues to be examined in the motion to dismiss for lack of jurisdiction . . . were largely legal rather than factual in nature").

That is why this Court frequently grants motions to stay discovery until it decides a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. Order, *Cruise v. Dean*, No. 4:18-cv-1153 (S.D. Tex. May 8, 2018), ECF 11; Order, *Colindres v. Univ. of Tex. MD Anderson Cancer Ctr.*, No. 4:18-cv-163 (S.D. Tex. Apr. 5, 2018), ECF 9; Order, *Woods v. Luby's, Inc.*, No. 4:17-cv-1146 (S.D. Tex. Sept. 19, 2017), ECF 30; Order, *Esquibel v. Sprint Energy Servs., LP*, No. 4:14-cv-242 (S.D. Tex. Jan. 9, 2015), ECF 40.

The Court should do the same here. In addition to arguing that Plaintiffs have not stated a claim upon which relief can be granted, Judge Mack's motion to dismiss also explains that the Court lacks subject-matter jurisdiction because Plaintiffs do not have standing. It is more than reasonable for this Court to decide whether Plaintiffs can even pursue their claims before forcing Judge Mack to bear the burdens of discovery. *See McPeters*, 2011 WL 13253446, at *1 ("issuance

of a stay may be particularly appropriate where the disposition of a motion to dismiss might preclude the need for the discovery altogether thus saving time and expense"). Because Judge Mack's motion to dismiss for lack of subject matter jurisdiction would dispose of the entire case, if granted, judicial economy weighs strongly in favor of staying discovery. As the Fifth Circuit has said, "[d]iscovery is not justified when cost and inconvenience will be its sole result." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990).

II. **The burden on Judge Mack of potentially unnecessary discovery far outweighs any burden Plaintiffs would face from a delay of discovery.**

Courts also stay discovery where, as here, the burden of potentially unnecessary discovery outweighs the burden Plaintiffs would face from a delay of discovery. *See*, *e.g.*, *Rio Grande*, 2008 WL 8465061, at *1 (staying discovery because "the discovery requested by Plaintiff would constitute an undue burden for Defendants"); *McPeters*, 2011 WL 13253466, at *1 (staying discovery because "the breadth and burden of discovery are substantial," and explaining that "[b]y staying discovery, the Court will relieve Defendant of a significant burden"); Order, *Spectrum Stores, Inc. v. CITGO Petrol. Corp.*, No. 4:06-cv-3569 (S.D. Tex. Feb. 9, 2007), ECF 53.

The burden of discovery on Judge Mack is acute. Plaintiffs have indicated they will serve interrogatories on Judge Mack by December 4, seek the production of documents, and conduct depositions of Judge Mack and others by April 2020. *See* Dkt. 27 at 3–4 (Case Management Plan). Judge Mack is an individual defendant and must be personally involved in responding to all of this discovery.

Plaintiffs, on the other hand, will face no material burden from delaying the start of discovery by mere months. Plaintiffs cannot demonstrate why they need discovery prior to the resolution of Judge Mack's motion to dismiss: they have already filed their opposition to that motion, Dkt. 17, so discovery is not needed for that purpose—nor is there any other reason why

they might need discovery "prior to this Court's ruling on the pending Motion." *Rio Grande*, 2008 WL 8465061, at *1 ("discovery should be stayed given the burden to Defendant of reviewing the documents and because Plaintiff has not demonstrated any need for the documents prior to this Court's ruling on the pending Motion"); *McAllen Anesthesia Consultants, P.A. v. United Healthcare Servs., Inc.*, 2015 WL 12839785, at *2 (S.D. Tex. July 17, 2015) (staying discovery because "Plaintiff has already responded to the motion to dismiss, and it fails to provide the Court with any particulars as to what discovery needs to be conducted to resolve the . . . jurisdictional challenge"); *McPeters*, 2011 WL 13253466, at *1 (staying discovery and explaining that because "Plaintiff's discovery will not assist her in her Motion to Dismiss, the stay will not be unduly prejudicial"); *BHL Boresight, Inc. v. Geo-Steering Sols., Inc.*, 2017 WL 10605194, at *1 (S.D. Tex. May 26, 2017) (granting stay because "further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions" (quoting *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011)).

## CONCLUSION

For these reasons, Judge Mack requests that the Court stay all discovery except initial disclosures while his motion to dismiss is pending.

Dated:   November 15, 2019                    Respectfully submitted,

                                                 */s/ Allyson N. Ho*

Michael D. Berry                              Allyson N. Ho
   Texas Bar No. 24085835                 *Attorney-in-Charge*
   S.D. Tex. Bar No. 2412537              Texas Bar No. 24033667
Hiram S. Sasser III                         S.D. Tex. Bar No. 1024306
   Texas Bar No. 24039157                 Bradley G. Hubbard
   S.D. Tex. Bar No. 632649                Texas Bar No. 24094710
First Liberty Institute                     S.D. Tex. Bar No. 3450976
2001 West Plano Parkway, Suite 1600     Bennett Rawicki
Plano, Texas  75075                      Texas Bar No. 24083708
Telephone:  (972) 941-4444             S.D. Tex. Bar No. 3471399
Facsimile:  (972) 423-6162             Gibson, Dunn & Crutcher, LLP
*mberry@firstliberty.org*               2001 Ross Avenue, Suite 2100
*hsasser@firstliberty.org*             Dallas, Texas 75201
                                           Telephone:  (214) 698-3100
                                           Facsimile: (214) 571-2900
                                           *aho@gibsondunn.com*
                                           *bhubbard@gibsondunn.com*
                                           *brawicki@gibsondunn.com*

                                           John S. Ehrett  (admitted *pro hac vice*)
                                              Virginia Bar No. 93486
                                           Gibson, Dunn & Crutcher, LLP
                                           1050 Connecticut Avenue, NW
                                           Washington, DC  20036
                                           Telephone:  (202) 955-8500
                                           Facsimile:  (202) 467-0539
                                           *jehrett@gibsondunn.com*

Counsel for Defendant Judge Wayne Mack<br>in his individual capacity

## Certificate of Conference

I certify that counsel for Judge Mack in his individual capacity conferred in good faith with counsel for Plaintiffs by email on October 25, 2019 at 10:02 a.m., who indicated by email at 3:16 p.m. the same day that Plaintiffs are opposed to the requested relief.

                                      */s/ Allyson N. Ho*
                                      Allyson N. Ho

## Certificate of Service

I certify that, on November 15, 2019, a true and correct copy of this motion was served by ECF on all counsel of record.

                                        */s/ Allyson N. Ho*
                                      Allyson N. Ho