IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC. and JOHN ROE, <br><br>*Plaintiffs,* <br><br> v. <br><br> WAYNE MACK, in his personal capacity and in his official judicial capacity on behalf of the State of Texas, <br><br>*Defendant.* | CASE NO. 4:19-cv-01934 |

**THIRD PARTY THE STATE OF TEXAS'S
REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE BRIEF**

Plaintiffs' claims against Judge Mack in his official capacity do not implicate the State because Judge Mack is not a state officer or official. Plaintiffs repeatedly argue that the constitutional source of Judge Mack's authority is somehow proof that he is a State official. That argument finds no support in law or fact. While there is no doubt that the office of Justice of the Peace is established by the Texas Constitution, it is not true that the State has authority or control over Judge Mack's courtroom practices and Plaintiffs plead no facts to the contrary. When Judge Mack acts in an official capacity, he does so in his own right as a county-level officer and a member of an independent judiciary—not as an agent of the State of Texas. Plaintiffs cannot unilaterally force the State to accept responsibility for elected justices of the peace not subject to its control.

Plaintiffs cannot establish that the State is responsible for Judge Mack's official conduct and they are mistaken that any relief against the State could redress their alleged harms.

1

Accordingly, the Court should grant the State's motion.

### I. The Motion for Leave to File Should Be Granted.

Plaintiffs' Opposition [ECF No. 26] fails to provide any legitimate reason why the Court should reject the State's brief. Plaintiffs do not dispute that the issues addressed in the State's brief are relevant to Plaintiffs' official capacity claims, and that the Court would benefit from having the State's views on these issues. Because Plaintiffs have improperly purported to involve the State in litigation without naming it as a party, *see* Compl. ¶¶ 7-11 (not identifying the State as a party), the State considers its third-party brief necessary to protect its interests. But even if Plaintiffs were correct that the State is a party to this lawsuit—which they are not—the State would have every right to file a brief in this action. There is simply no argument that the State should not be permitted to have its views regarding its interests before the Court.

The Court also should reject Plaintiffs' argument that they would somehow be prejudiced by the State's filing. They claim they are somehow losing "protections" afforded by Rule 12. *See* Opp. at 11-12. But because Plaintiffs failed to name the State as a party, it is *unable* to file a Rule 12 motion. Moreover, there can be no prejudice because the arguments raised in Parts II and III of the State's proposed brief have already been raised by Judge Mack in his Motion to Dismiss [ECF No. 12]. The jurisdictional arguments that the State raises in Part II are similar to those raised by Judge Mack, and to the extent that they differ, jurisdiction is a non-waivable prerequisite that can be raised at any time—and thus Plaintiffs could not possibly be prejudiced by a hypothetical successive filing. *See, e.g.*, *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) ("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action . . . ."); *Southwestern Elec. Power Co. v. EPA*, 920 F.3d 999, 1014 n.18 (5th Cir. 2019) ("'[S]tanding is jurisdictional and, therefore, non-waivable.'") (quoting *La. Landmarks Soc'y, Inc. v. City of New*

2

*Orleans*, 85 F.3d 1119, 1122 n.3 (5th Cir. 1996)). Likewise, the State's arguments in Part III of its proposed brief are substantially similar to those already before the Court in Judge Mack's pending motion, and Plaintiffs' concern about hypothetical successive motions to dismiss ignores the fact that such arguments can be raised under Rule 12(c) at any time "[a]fter the pleadings are closed." *See also* Fed. R. Civ. P. 12(g)(2), 12(h)(2)(B). Rule 12 therefore does not present any barrier that should prevent the Court from accepting the State's proposed brief.

Plaintiffs cannot avoid having the deficiencies in their claims adjudicated by this Court, and they have not articulated a legitimate reason why the State's brief should not be accepted. Accordingly, the Court should grant the State's motion for leave to file.

**II.     Judge Mack Is Not a State Official.**

The Texas Constitution as well as state and federal courts within Texas all recognize that justices of the peace are not State officers. *See* ECF No. 20-1 at 3-4. As this Court recognized in prior litigation between FFRF and Judge Mack, Plaintiffs' claims against Judge Mack in his official capacity "are merely another way of stating their claims against the County." *See Freedom from Religion Found., Inc. v. Mack*, Civil Action No. H-17-881, 2018 WL 6981152, at *3 (S.D. Tex. Jan. 19, 2018) (ECF No. 44). FFRF was afforded the opportunity to name the State as a governmental entity responsible for Judge Mack's conduct, and it expressly declined. *See Freedom from Religion Found., Inc. v. Mack*, Civil Action No. H-17-881, 2018 WL 6981153, at *1 (S.D. Tex. Sept. 27, 2018) (ECF No. 88) ("Plaintiffs sued Judge Mack in his official capacity, with the understanding that that was simply another way of suing Montgomery County. Plaintiffs do not identify any other government entity synonymous with Judge Mack in his official capacity.") (internal quotation marks omitted). The State is not now implicated by Plaintiffs' claims merely because Plaintiffs have changed their minds.

In the previous litigation, the Court correctly found that the County had no authority "to control the judicial or administrative courtroom practices of justices of the peace" and that any injunction against the County would therefore be "'utterly meaningless.'" *Id.* at *3 (quoting *Okpalobi v. Foster*, 244 F.3d 405, 426-27 (5th Cir. 2001)). The Court also noted that Plaintiffs had failed to cite any legal basis for suggesting that the County would have such authority. *Id.* The Court observed that "[i]nstead of showing how a judgment against the County could redress their injuries, Plaintiffs attempt to shift the burden to the County to identify another government entity responsible for Judge Mack's actions, arguing that in the absence of such an entity, the County necessarily must be responsible for Judge Mack's policy." *Id.* at *4. But the Court held Plaintiffs to their burden, concluding: "Plaintiffs have not met their burden to establish that the County has any power to control Judge Mack's courtroom prayer practice so as to establish redressability. Nor have Plaintiffs made an argument for such a holding." *Id.*

Plaintiffs' argument against the State suffers from the very same fatal defects as FFRF's argument against the County in the previous litigation. Plaintiffs wrongly conclude that the Court previously determined that the State of Texas was a responsible governmental entity. The Court's opinion makes no reference to the State of Texas as a separate entity responsible for the courtroom conduct of justices of the peace. *See id.* Much like the previous litigation against the County, Plaintiffs have "cite[d] no constitutional or statutory provision or caselaw authorizing [the State] to control the judicial or administrative courtroom practices of justices of the peace," and they have again "attempt[ed] to shift the burden" to the governmental entity to provide an alternative explanation. *Id.* at *3-*4. An injunction against the State regarding Judge Mack's official actions would be just as "utterly meaningless" as an injunction against the County. *Id.* at *3. It is Plaintiffs' burden to explain how the State has the ability to constrain Judge Mack's official actions if

4

enjoined to do so, and Plaintiffs cannot sustain that burden.

None of the authorities cited by Plaintiffs help them in this threshold question. For example, in *Familias Unidas v. Briscoe*, 619 F.2d 391 (5th Cir. 1980), a case which addressed the propriety of money damages against the State and not the availability of injunctive relief, the Court observed that "[b]ecause of the unique structure of county government in Texas, the judge like other elected county officials, such as the sheriff and treasurer holds virtually absolute sway over the particular tasks or areas of responsibility entrusted to him by state statute and ***is accountable to no one other than the voters for his conduct therein***." *Id.* at 404 (emphasis added). In *Davis v. Tarrant County*, 565 F.3d 214 (5th Cir. 2009), the Court held that the municipality was not responsible for the actions of the ***district*** judges[1] because those officials were acting only in their judicial capacities, and it did not address the role of justices of the peace or the lower court's assertion that the State may be liable. *Id.* at 227. Plaintiffs' remaining authorities simply do not address whether the State has any authority to control Judge Mack's courtroom practices.[2] Accordingly, Plaintiffs have failed to satisfy their threshold burden of showing the State's responsibility for Judge Mack's conduct.

Without any authority to support their bare assertion that the State has authority over Judge Mack, Plaintiffs cannot allege a claim against the State by naming Judge Mack in his official capacity. The Office of the Attorney General does not represent Judge Mack, and the State is

---

[1] Many of Plaintiffs' other cited authorities address only district judges, not justices of the peace, and are therefore inapposite. *See Clanton v. Harris County*, 893 F.2d 757 (5th Cir. 1990) (per curiam); *Hamill v. Wright*, 870 F.2d 1032, 1037 (5th Cir. 1989); *Clark v. Tarrant County,* 798 F.2d 736, 744 (5th Cir. 1986).

[2] *See Guevara v. City of Haltom City*, 106 F. App'x 900 (5th Cir. 2004) (addressing municipal, not State, liability); *Eggar v. City of Livingston*, 40 F.3d 312 (9th Cir. 1994) (same); *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992) (same); *see also Ledbetter v. City of Topeka*, 318 F.3d 1183 (10th Cir. 2003) (construing Kansas law); *Woods v. City of Michigan City*, 940 F.2d 275 (7th Cir. 1991) (construing Indiana law).

neither responsible for his courtroom practices nor authorized to control them. Accordingly, Plaintiffs have no basis for their assertion that Judge Mack is a state official or that the State is implicated by their claims.

### III. The State Cannot Redress Plaintiffs' Alleged Injuries.

Contrary to Plaintiffs' suggestion, an injunction against the State Commission on Judicial Conduct and the Office of the Attorney General cannot redress the harms that Plaintiffs allegedly have suffered. *See* Opp. at 8. Plaintiffs suggest that the Commission can and should be ordered by this Court to perform a discretionary act assigned to it by the Texas Constitution and "discipline" Judge Mack for his courtroom practices. *See* Opp. at 8. Plaintiffs then suggest that the Attorney General can and should be ordered by this Court to change his legal opinion and adopt Plaintiffs' view of the law. *See* Opp. at 8. These suggestions are meritless.

Just as Plaintiffs have not sued or named the State itself, Plaintiffs have not named the Attorney General, the State Commission on Judicial Conduct, or any of its Commissioners as defendants, *see* Compl. ¶¶ 7-11, nor do they purport to have served any of these individuals. Plaintiffs cannot seek an injunction against those unnamed entities by way of a suit against a non-state actor. Moreover, to the extent Plaintiffs seek to show that the State somehow controls Judge Mack because the Commission has authority to discipline him, that proves too much. Were that the case, the State arguably "controls" everyone it regulates. Of course, that is not the case. Plaintiffs have therefore failed to identify any mechanism by which the State of Texas could compel Judge Mack to change his practices and thereby provide the relief that they seek. *See, e.g.*, *Okpalobi*, 244 F.3d at 427 ("Because these defendants have no powers to redress the injuries alleged, the plaintiffs have no case or controversy with these defendants that will permit them to maintain this action in federal court.").

As described in the State's proposed brief and in Judge Mack's motion to dismiss, this Court should not grant Plaintiffs' request for injunctive relief. But if anyone is to be enjoined as a result of this litigation, it could only be the sole named defendant in the case: Judge Mack. An injunction against the State of Texas would not redress the harms that Plaintiffs have alleged.

### IV.     The State Has Not Been Served.

The State of Texas is a sovereign entity that is separate and distinct from any of its agents or officers. Plaintiffs argue that service on the State was made when it served Judge Mack (a county officer) or that service is unnecessary because of conversations with the Office of the Attorney General.[3] Plaintiffs are wrong for all the same reasons why Judge Mack is not a state official. Plaintiffs cannot generate service on the State by naming a *non-state official* "in his official capacity on behalf of the State of Texas," and then serving that official. Such gamesmanship, if permitted, would open endless opportunities for abuse and should be rejected. Moreover, the Office of the Attorney General has not waived any service requirement against the State. The Court should reject Plaintiffs' attempt both to name the State as a defendant and to serve it with process merely by implication and without actually taking either step.

### CONCLUSION

For the foregoing reasons, the Court should grant Third Party the State of Texas's Motion for Leave to File Brief.

---

[3] Undersigned counsel had no conversations with counsel for Plaintiffs prior to the discussions related to the State's Motion for Leave to File Brief.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief, General Litigation Division

*/s/ Christopher D. Hilton*
CHRISTOPHER D. HILTON
Texas Bar No. 24087727
So. District No. 3029796
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
FAX: (512) 320-0667
christopher.hilton@oag.texas.gov

*Counsel for the State of Texas*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via the Court's CM/ECF system on November 15, 2019, to all counsel of record.

*/s/ Christopher D. Hilton*
Christopher D. Hilton