# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC. and JOHN ROE, | § § § § § | |
| *Plaintiffs,* | § | |
| v. | § | CASE NO. 4:19-cv-01934 |
| | § | |
| WAYNE MACK, in his personal capacity and in his official judicial capacity on behalf of the State of Texas, | § § § § | |
| *Defendant.* | § | |

## THIRD PARTY THE STATE OF TEXAS'S
## BRIEF REGARDING ITS INTERESTS

Neither the State of Texas nor a State official or entity are parties to this lawsuit. However, the Office of the Attorney General of Texas submits this brief on behalf of the State to aid the Court in resolving Plaintiffs' poorly pleaded claims. Plaintiffs cannot sue the State for Defendant Wayne Mack's conduct. Although Plaintiffs purport to have brought their claims against Judge Mack "in his official judicial capacity on behalf of the State of Texas," ECF No. 1 ¶ 2, this is a misnomer. In Texas, justices of the peace are county officials. Judge Mack is elected by the voters of Montgomery County to preside over certain criminal and civil disputes. Judge Mack does not carry out his duties pursuant to any State policy, practice, or directive, and he is not represented by the Office of the Attorney General. Simply put, Judge Mack is not a State official, and Plaintiffs' claims do not implicate the State.

Even if Plaintiffs had implicated the State in their Complaint, such claims would be

1

meritless. Plaintiffs lack standing to sue the State of Texas because they have not sufficiently alleged an injury, and any hypothetical injury is neither traceable to actions of the State nor redressable by an injunction against the State. Furthermore, Plaintiffs failed to state a claim upon which relief can be granted because Judge Mack's procedures are within constitutional bounds. Nonetheless, Plaintiffs persist in their mistaken belief that their claims reach the State. Accordingly, the State of Texas respectfully submits that (1) Plaintiffs' claims against Defendant in his official capacity do not implicate or reach the State, and (2) any attempt by Plaintiffs to amend their complaint and add the State as a party to this litigation would be futile.

**BACKGROUND**

As Plaintiffs describe in their Complaint, and as Judge Mack describes in his motion to dismiss the individual capacity claims against him, this litigation is not the first time that the organizational plaintiff, Freedom From Religion Foundation, Inc. ("FFRF"), has pursued Judge Mack for the manner in which he opens his courtroom. *See, e.g.*, ECF No. 1 ¶¶ 42-80; ECF No. 12 at 2-7. The State need not recount these explanations of the lengthy history of this dispute, but it is noteworthy that over the five-year history of FFRF's pursuit of Judge Mack, it has never before attempted to hold the State accountable for Judge Mack's courtroom procedures.

The present litigation was initiated on May 29, 2019. Although Plaintiffs requested an issuance of summons to the Office of the Attorney General, *see* ECF No. 3, Judge Mack was actually served at his courtroom in Montgomery County, *see* ECF No. 11. The State has not been served. Neither the State nor any State official or entity is a party to this litigation, and the Office of the Attorney General does not represent Judge Mack. However, Plaintiffs still persist in their position that their claims against Judge Mack reach the State.

**ARGUMENT**

I.  **Plaintiffs' Claims Do Not Implicate the State of Texas.**

Justices of the peace are not State officers. Indeed, the Texas Constitution explicitly refers to them as "county officers." *See* Tex. Const. art. 5, § 24 ("County Judges, county attorneys, clerks of the District and County Courts, ***justices of the peace***, constables, ***and other county officers***, may be removed [for cause after jury proceedings].") (emphasis added); *see also State ex rel. Peden v. Valentine*, 198 S.W. 1006, 1008 (Tex. App.—Ft. Worth 1917) ("The words, 'and other county officers,' after naming certain ones, is a plain declaration that [the named officer] is a county officer."). The Constitution also makes clear that justices of the peace are separately elected in local precincts in the same manner as county commissioners. *See* Tex. Const. art. 5, § 18. Notably, the Constitution does not provide any mechanism for the State to direct, control, or authorize any actions of its justices of the peace. Thus, the Texas Constitution is clear that justices of the peace do not act as State officers, but rather are "county officers."

Courts agree with this understanding of the official nature of justices of the peace. As this Court recognized in prior litigation between FFRF and Judge Mack, Plaintiffs' claims against Judge Mack in his official capacity "are merely another way of stating their claims against the County." *See Freedom from Religion Found., Inc. v. Mack*, Civil Action No. H-17-881, 2018 WL 6981152, at *3 (S.D. Tex. Jan. 19, 2018) (ECF No. 44). Other courts concur. *See, e.g.*, *Fields v. Tex. Dep't of State Health Servs.*, No. 16-607, 2017 WL 9285509, at *4 (E.D. Tex. Aug. 21, 2017) ("As an initial matter, a suit against a public employee in his or her official capacity is actually a suit against the public employer. Therefore, Plaintiff's claim against [two justices of the peace and two prosecutors] in their official capacities is a claim against the County itself.") (citation omitted); *Sullo & Bobbitt, PLLC v. Abbott*, No. 11-1926, 2013 WL 1949835, at *5 (N.D. Tex. May 13, 2013)

("[T]he claims against Justice [of the Peace] Jones, which are in his official capacity, are dismissed for the additional reason that plaintiffs have failed adequately to plead county liability under § 1983."); *Tinoco v. Raleeh*, No. 05-367, 2006 WL 27287, at *2 (E.D. Tex. Jan. 5, 2006) ("[T]he Court will consider Plaintiff's discrimination claim as though properly brought against [Justice of the Peace] Raleeh in his official capacity, and therefore, as though properly brought against Collin County."); *Rutherford v. Harris County*, 3 Willson 143, 145; 1886 WL 4477, at *1 (Tex. App. 1886) (holding that where "a justice of the peace, being an officer of the county," incurs expenses in the performance of his duties, "the county, and not the state, is liable for such expenses"); *see also Bennett v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996) (explaining that a suit against "a county or municipal official in her official capacity . . . is a suit against the [c]ounty" or municipality).

Plaintiffs' bare assertion that their claims implicate the State does not make it so. The Texas Constitution, this Court, and other courts all agree that a justice of the peace is a county official, and the State has no control over Judge Mack's courtroom procedures. Accordingly, neither the State of Texas nor any state officer or entity is implicated or reached by Plaintiffs' claims, notwithstanding Plaintiffs' facially erroneous description of Judge Mack as an officer of the State.

**II.     Plaintiffs Would Lack Standing to Proceed Against the State.**

Even if Plaintiffs had properly named and served the State—which they have not—they would not have standing to sue the State or any State official or entity. Article III limits federal courts' jurisdiction to actual "cases" and "controversies." U.S. Const. art. III, § 2; *see also Breaux v. U.S. Postal Serv.*, 202 F.3d 820, 820 (5th Cir. 2000). Courts developed the standing doctrine to "give meaning to Article III's case-or-controversy requirement." *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005). To satisfy Article III standing, a plaintiff must show: (1) an injury-in-fact; (2) that is traceable to the defendant's challenged conduct (causation); and (3) that is likely

to be redressed by a favorable decision in the district court (redressability). *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000); *see also Tex. Democratic Party v. Benkiser*, 459 F.3d 582, 585-86 (5th Cir. 2006). These elements are "an indispensable part of the plaintiff's case." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The party seeking to invoke federal jurisdiction bears the burden of establishing all three elements. *Id*. If a party lacks standing to bring a claim, the court lacks subject matter jurisdiction over that claim. *See Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015); *Bell v. Redflex Traffic Sys., Inc.*, 374 F. App'x 518, 522 (5th Cir. 2010). To the extent that Plaintiffs construe their claims to reach the State, they fail to satisfy all three elements of the standing inquiry.

Plaintiffs failed to allege any injury-in-fact that can support their purported claims against Judge Mack "in his official judicial capacity on behalf of the State of Texas." ECF No. 1 ¶ 2. In order to establish this element of standing, Plaintiffs must show that they have suffered "an invasion of a legally protected interest." *Barber v. Bryant*, 860 F.3d 345, 352 (5th Cir. 2017) (quoting *Lujan*, 504 U.S. at 561). This invasion must be both "concrete and particularized," *Lujan*, 504 U.S. at 560, and mere offense at an official's conduct on the part of an observer is insufficient to establish an injury. *See Am. Legion v. Am. Humanist Ass'n*, 139 S. Ct. 2067, 2098-2103 (2019) (Gorsuch, J., and Thomas, J., concurring); *Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 485-86 (1982) ("[T]he psychological consequence presumably produced by observation of conduct with which one disagrees . . . is not an injury sufficient to confer standing under Art. III, even though the disagreement is phrased in constitutional terms."). As Judge Mack explains in his motion to dismiss, Plaintiffs' alleged injuries either fall into the "offended observer" category or are too speculative and uncertain to support a constitutional claim. *See* ECF No. 12 at 8-14; ECF No. 19 at 3-10. Thus, Plaintiffs fail

5

at the outset of the standing inquiry.

Even if Plaintiffs had alleged an injury—which they have not—such injury could not be traced to any conduct by the State or redressed by the State. The State is not alleged to have taken any actions whatsoever with respect to Plaintiffs. Judge Mack acts independently as an elected county official, and he does not act at the direction of the State or under the auspices of any State policy. *See supra* § I. The State has no authority to control the actions of Judge Mack, and thus could not do anything to remedy Plaintiffs' alleged harms. And because there is no individual standing to proceed against the State, there is also no associational standing on the part of FFRF. *See also* ECF No. 12 at 14.

This Court has already explained to FFRF why their official capacity claims are problematic. In dismissing FFRF's claims against Montgomery County in prior litigation,[1] this Court explained that "[w]here a defendant has no authority to stop an illegal act, injunctive relief is 'utterly meaningless' and there is no Article III standing." *See Freedom from Religion Found., Inc. v. Mack*, Civil Action No. H-17-881, 2018 WL 6981153, at *3 (S.D. Tex. Jan. 19, 2018) (ECF No. 88) (quoting *Okpalobi v. Foster*, 244 F.3d 405, 426-27 (5th Cir. 2001)). The Court observed that other "[c]ourts likewise have found that standing was lacking in claims against municipalities based on the acts of local judges whom they did not have power to control," *id.* at *4 (discussing cases), and it concluded that "Plaintiffs chose to allege claims solely against an entity that has no power to stop Judge Mack's courtroom prayer practice," *id.* at *5.

Just as Montgomery County cannot control Judge Mack's courtroom practices, the State cannot direct Judge Mack's official actions. Plaintiffs have not alleged, and cannot identify, any

---

[1] These claims were duplicative of Plaintiffs' official capacity claims against Judge Mack in the prior litigation, so the Court dismissed the official capacity claims. *See Freedom from Religion Found., Inc. v. Mack*, Civil Action No. H-17-881, 2018 WL 6981153, at *1 (S.D. Tex. Jan. 19, 2018) (ECF No. 88).

authority or mechanism by which the State has the ability to direct or control a justice of the peace. The State therefore cannot be sued for injunctive relief regarding a justice of the peace's actions, both because any injury cannot be fairly traced to any conduct by the State, and because the State is powerless to redress any alleged harms. As in the previous litigation, Plaintiffs are attempting "to shift the burden [of] identify[ing] another government entity responsible for Judge Mack's actions" to someone else, *id.* at *4, instead of accepting that Judge Mack is an independent elected official who is not subject to the control of any governmental entity. Accordingly, Plaintiffs would lack the standing to proceed against the State, even if the State or any State officer had been named and served in this litigation.

### III. Plaintiffs Have Failed to State a Claim upon Which Relief Can Be Granted.

Plaintiffs have not named any State officer or entity in their Complaint or established that they would have standing to sue any State officer or entity, but even if they had, Plaintiffs have failed to state a claim upon which relief can be granted. Opening sessions of legislative and other deliberative bodies, like courts, "with prayer is deeply embedded in the history and tradition of this country," *Marsh v. Chambers*, 463 U.S. 783, 786 (1983), and is "part of the fabric of our society," *id.* at 792. These invocations, which solemnize the event and lend a serious tone to the proceedings about to take place, confer upon public officials and those in attendance that the issues they are about to discuss and decide are larger than themselves. *Town of Greece v. Galloway*, 134 S. Ct. 1811, 1818 (2014). And despite repeated challenges, the Supreme Court, Fifth Circuit, and other circuits routinely uphold invocations of public bodies as constitutional. *See id.* at 1825, 1828 (upholding town's practice of opening board meetings with prayer and noting the constitutionality of the Supreme Court's opening invocation); *Am. Humanist Ass'n v. McCarty*, 851 F.3d 521 (5th Cir. 2017) (upholding invocations at school board meetings); *Pelphrey v. Cobb Cnty., Ga.*, 547

7

F.3d 1263 (11th Cir. 2008) (upholding prayers of county commission). Such longstanding practices are entitled to a "strong presumption of constitutionality." *Am. Legion v. Am. Humanist Ass'n*, 139 S. Ct. 2067, 2085 (2019).

Judge Mack's practices are constitutional. He is not alleged to have compelled anyone to participate or to have discriminated against anyone who chooses to absent themselves during the prayer; Judge Mack posts notices explicitly stating that participation is not required. *See* ECF No. 1 ¶¶ 66, 76. As further explained in Judge Mack's motion to dismiss, he follows in the tradition of judicial prayer that runs throughout the country's history. *See* ECF No. 12 at 14-25. Accordingly, even if Plaintiffs had properly named and served the State—which they did not—and even if Plaintiffs could demonstrate that they have sanding to proceed against the State—which they cannot—Plaintiffs' claims against the State or any State officer or entity would fail because they have not stated a claim upon which relief can be granted.

## CONCLUSION

The State of Texas respectfully submits that Plaintiffs' claims against Defendant in his official capacity do not implicate or reach the State, and that the State therefore has not been named as a party to this litigation. Moreover, any attempt by Plaintiffs to amend their complaint and add the State as a party to this litigation would be futile as Plaintiffs lack standing to sue the State and lack a cognizable legal theory under which to proceed. Thus, even if Plaintiffs were to name and serve the State at some point in the future, their claims would be subject to dismissal on the pleadings.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief, General Litigation Division

*/s/ Christopher D. Hilton*
CHRISTOPHER D. HILTON
Texas Bar No. 24087727
So. District No. 3029796
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
FAX: (512) 320-0667
christopher.hilton@oag.texas.gov

*Counsel for the State of Texas*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served via the Court's CM/ECF system on October 18, 2019, to all counsel of record.

                                                */s/ Christopher D. Hilton*
                                                Christopher D. Hilton