UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC. and JOHN ROE, | § § § § § | |
| Plaintiffs, VS. | § § § | CIVIL ACTION NO. 4:19-CV-1934 |
| WAYNE MACK and WAYNE MACK, | § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.**

Pending before the Court is Justice of the Peace[1], Judge Wayne Mack's (Judge Mack), motion to dismiss (Dkt. No. 12) and the plaintiffs', Freedom From Religion Foundation, Inc. (FFRF) and John Roe ("Attorney Roe" or the "plaintiffs") response in opposition to the motion (Dkt. No. 17) and Judge Mack's reply in support of his motion (Dkt. No. 19). After carefully considering the motion, response and reply, the Court concludes that the motion should be **DENIED**.

**II.**

The plaintiffs claim that Judge Mack's courtroom prayer practice violates the U.S. Constitution.[2] Attorney Roe is a self-employed attorney practicing in Montgomery County, Texas. He has appeared in Judge Mack's courtroom at least 20 times on behalf of clients. The

---

[1] Justice Court 1 of Montgomery County, Texas.
[2] On May 29, 2019, the plaintiffs filed a Complaint for Declaratory Relief (Dkt. No. 1).

plaintiff claims that during each appearance in Judge Mack's courtroom he was exposed to a courtroom prayer practice that violates the Establishment Clause of the First Amendment.

According to the plaintiffs, there was an original courtroom prayer practice that has since been revised. The original courtroom prayer program began in 2014, commencing with Judge Mack entering the courtroom and announcing that everyone should remain standing for a prayer. Judge Mack would then state, if any of you are offended by this procedure you can leave and wait in the hallway and your case will not be affected. Judge Mack would spend a few minutes describing his Justice Court Chaplaincy Program. He then introduced the visiting pastor/chaplain for the day. The guest chaplain would stand and read from the *Holy Bible* and deliver a sermon for five to eight minutes. After that, he would request that everyone bow their heads for prayer. The plaintiffs allege that during the prayer, Judge Mack did not bow his head, but observed those in the courtroom. Following the prayer, the Pledge of Allegiance is recited and then the docket is called.

Later, Judge Mack revised the program. After the docket is called, the bailiff or court clerk gives a brief introductory statement that a prayer follows and that anyone desiring to leave may leave the courtroom. They were assured that leaving the courtroom would not affect the outcome of their cases. However, the invitation to leave has not been consistently included. After the announcement, Judge Mack enters the courtroom and while everyone remains standing, gives a brief explanation of the Justice Court Chaplaincy Program and introduces the pastor/chaplain for the day who wears an official badge issued by Judge Mack. Then the chaplain leads a prayer.

The plaintiffs claim that everyone is asked to participate, or show obeisance, by bowing their heads. During the introduction and chaplain-led prayer, the courtroom doors are

magnetically locked. To exit, a person must push a button. To reenter someone inside the courtroom has to open the door. After the proceedings, Judge Mack is in a position to note who enters the courtroom.

Attorney Roe, who is nonreligious, has declined to represent clients in order to avoid appearing in Judge Mack's courtroom. He objects to a government official telling him when or how to pray. He maintains that Judge Mack's prayer practice is not in keeping with the ceremonial proceedings exercised by the Texas Supreme Court or the U.S. Supreme Court, and is otherwise unsupported by historical judicial practices. He seeks declaratory relief regarding this matter.

Judge Mack asserts that the plaintiffs' claim should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, because the Court lacks subject-matter jurisdiction on two bases. First, he asserts, that the plaintiffs lack standing and have failed to plead an injury in fact. Second, he asserts, even if the Court determines that the plaintiffs have standing, the prayer program is constitutional and their claim should be dismissed.

The plaintiffs maintain that they have satisfied the standing requirements. Moreover, they assert that their claim is valid as they have demonstrated "direct, unwelcomed contact" with a practice that is unconstitutional. Further, Attorney Roe claims that he has suffered financial harm in that he has not been able to represent clients in Judge Mack's courtroom without either engaging in his prayer program or absenting himself during the program.

### III.

Rule 12(b)(1) permits the dismissal of an action for the lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "If [a federal] court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 880 n.3 (3rd Cir. 1992). Since federal courts are

considered courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate certain claims. *See, e.g., Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Therefore, the party seeking to invoke the jurisdiction of a federal court carries "the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008)); *see also Stockman*, 138 F.3d at 151.

When evaluating jurisdiction, "a [federal] court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *MDPhysicians & Assoc., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992). In making its ruling, a court may rely on any of the following: "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *MD Physicians*, 957 F.2d at 181.

On the other hand, rule 12(b)(6) of the Rules of Federal Civil Procedure, requires that a plaintiff plead facts sufficient to state a cause of action in order to avoid a dismissal. *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 570 (2007). The claim(s) must be plausible – facts from which a court may draw a reasonable inference that the defendant is liable for the alleged illegal conduct. *Id*.

### IV.

In this case at bar, it is undisputed that Judge Mack has instituted a courtroom prayer program. Judge Mack argues that the complaint should be dismissed because the plaintiffs lack standing to bring the claim. "[T]o satisfy Article III's standing requirements, a plaintiff must show that: (1) he has suffered an 'injury in fact' that is (a) concrete and particularized and (b)

actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. TOC, Inc.*, 120 S. Ct. 693, 704 (2000).

Because Attorney Roe's purpose in the courtroom was to represent clients and as a result was thereby subjected to the prayer practice, he has alleged an injury in fact that is adequate to confer standing to challenge the prayer practice. Judge Mack asserts that the plaintiffs have not pleaded a plausible injury in fact. He contends that a "concrete and particularized" injury does not include the offense or discomfort one experiences when viewing a distasteful practice. The plaintiffs maintain, however, that "personal exposure to an alleged Establishment Clause Violation that impairs a plaintiff's enjoyment or use of a public facility is sufficient to confer standing to challenge the violation." *Beaumont Indep. Sch. Dist.*, 240 F. 3d at 466; *Doe v. Sch. Bd. Of Ouachita Par.*, 274 F. 3d 289, 292 (5th Cir. 2001). The Court agrees.

Judge Mack next argues that the plaintiffs have failed to allege any imminent harm and cannot establish that Attorney Roe will appear before the court in the future. Judge Mack counters that in order to obtain declaratory relief sought, Attorney Roe must allege facts that he faces future harm that is "certainly impending." *Crane v. Johnson*, 783 F. 3d 244, 251 (5th Cir. 2015). In response, the plaintiffs contend that Attorney Roe is suffering actual, ongoing harm because he must avoid or turn down cases in Judge Mack's courtroom or risk being exposed to the court-prayer practice.

Supreme Court precedent establishes that it has not uniformly held that plaintiffs must demonstrate that it is literally certain that the harms they identify will come about. *Clapper v. Amnesty Int'l USA*, 133 S. Ct 1138, 1147 (2013). In some instances, the court has found

standing based on a 'substantial risk' that the harm will occur, which may prompt plaintiffs to reasonably incur costs to mitigate or avoid that harm. *Id*. at 1150 n. 5.

Here, Attorney Roe has offered testimony that he practices law in Montgomery County, Texas, has appeared in Judge Mack's courtroom on several occasions, and that he avoids the courtroom because of Judge Mack's practice. The harm alleged does not occur only because he enters the courtroom, but also because he must avoid the courtroom since the practice continues. Therefore, there is a substantive risk that were he to accept a case in Judge Mack's court, he will be exposed to the prayer practice. Hence, Attorney Roe has satisfied the standing requirements.

Judge Mack also challenges the FFRF's standing. Because the Court has determined that Attorney Roe has standing, the FFRF has associational standing. *Hunt v. Washington State Apple Advert. Comm'n,* 97 S. Ct. 2434 (1977). Finally, the Court finds that the plaintiff's, pleadings satisfy the minimum requirements of Rule 12(b)(6). Accordingly, the Court maintains subject matter jurisdiction over the case at bar, and Judge Mack's Rules 12(b)(1) and 12(b)(6) motion to dismiss is denied.

It is so Ordered.

SIGNED on this 13th day of January, 2020.

_____
Kenneth M. Hoyt
United States District Judge