UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **FREEDOM FROM RELIGION FOUNDATION, INC. and JOHN ROE,** § § § § *Plaintiffs*, § § v. § § **JUDGE WAYNE MACK in his personal capacity and in his official judicial capacity on behalf of the State of Texas,** § § § § § § *Defendants*. § | CASE NO. 4:19-cv-1934 |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

**NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiffs Freedom From Religion Foundation, Inc. (FFRF) and John Roe respectfully submit this memorandum of law in support of their Motion for Entry of Default and Default Judgment as to Defendant Judge Wayne Mack in his official judicial capacity, concurrently with Plaintiffs' Motion for Summary Judgment.

The history of this litigation is more fully discussed in Plaintiffs' Argument, Sec. I, below. Briefly, Plaintiffs brought this lawsuit against Judge Mack in his individual capacity and against Judge Mack in his official capacity as a judicial officer for the State of Texas. *See* Dkt. No. 1, Compl. at 1-2 & n.1. Although Judge Mack has been served with Process and Summons in his official capacity, *see* Dkt. No. 11, Judge Mack has failed to respond to, defend, or answer the Complaint in that capacity. Rather, as his filings make clear, he has participated in the litigation in his individual capacity only. *See* Dkt. No. 15 Unopposed Motion for Clarification ("Defendant, Judge Wayne Mack in his individual capacity, moves to clarify that Allyson N. Ho,

Bradley G. Hubbard, and John S. Ehrett of the Gibson, Dunn & Crutcher, LLP law firm, and Michael D. Berry of First Liberty Institute, represent him in his individual capacity only."); Dkt. 58 (Notice of appearance of Matthew Scorcio on behalf of Judge Mack in his individual capacity). And although the State of Texas moved to dismiss itself from this lawsuit in response to a court order, that motion made clear that it was *not* filed on behalf of Judge Mack in his official judicial capacity. *See* Dkt. 46 at 1 ("The State files this motion as directed by the Court's order and solely in its own right, not on behalf of any party to this litigation.").

## STANDARD OF REVIEW

Because entry of default is treated as nondiscretionary and automatic under the Federal Rules, *see* FED. R. CIV. P. 55(a), the case law deals primarily with motions to set aside default, once entered. A court "may set aside an entry of default for good cause . . . ." FED. R. CIV. P. 55(c). This decision is "informed by equitable principles." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quoting *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992)). To decide if good cause exists, courts consider three non-exclusive factors: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Id.* (internal quotation mark omitted). Other factors may also be considered, including whether "the defendant acted expeditiously to correct the default." *Dierschke*, 975 F.2d at 184. However, a finding of willful default ends the inquiry, for "when the court finds an intentional failure of responsive pleadings there need be no other finding." *Id.* Determining whether a defendant willfully defaulted is a factual finding that [the Fifth Circuit will] review for clear error." *Koerner v. CMR Construction & Roofing, LLC*, 910 F.3d 221, 225 (5th Cir. 2018) (citing *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 495 (5th Cir. 2015)).

Entry of default judgment is proper upon application of a party, *see* FED. R. CIV. P. 55(b), so long as that application is "supported by well-pleaded allegations, [which are] assumed to be true." *Wooten*, 788 F.3d at 496. A court has the discretion to conduct a hearing to "establish the truth of any allegation by evidence" or "investigate any other matter" before it enters a default judgment. FED. R. CIV. P. 55 (b)(2)(C). A court "may set aside a final default judgment under Rule 60(b)." FED. R. CIV. P. 55(c).

## SUMMARY OF THE ARGUMENT

Because Judge Mack has refused to appear or respond in his official judicial capacity, because the time period to respond allowed by Federal Rule of Civil Procedure 12 has expired, and because Plaintiffs meet the requirements for issuance of a default judgment, this Court should, pursuant to Fed. R. Civ. P. 55(a) and (b), order entry of default and order default judgment granting the declaratory relief that the Plaintiffs requested in the Complaint against Judge Mack in his official judicial capacity.

## ARGUMENT

**I.   The History of This Litigation Makes It Clear That a Default Judgment is Ripe for Issuance Against Judge Mack In His Official Capacity.**

This controversy, including its predecessor case filed in this Court, has had a complex procedural posture. Plaintiffs, joined by other individuals, originally filed suit against Judge Mack in his official capacity as an employee of Montgomery County, Texas. *See FFRF v. Mack*, No. H-17-881 (S.D. Tex.). This Court, the Honorable Ewing Werlein, Jr., presiding, dismissed the claim against Judge Mack in his official capacity as redundant with the claim against the municipality because Plaintiffs did not "identify any other government entity synonymous with Judge Mack in his official capacity" in that case. *FFRF v. Mack*, No. H-17-881, 2018 WL 6981153 at *1, ECF No. 88 at 3–4 (S.D. Tex. Sept. 27, 2018) (quoting ECF 86 at 1). In ruling

on Plaintiffs' standing, the Court explained that Plaintiffs' injury was not traceable to, or redressable by, the County because the offices of the Justices of the Peace are established by the State Constitution, their powers are likewise conferred by the State Constitution, and other matters pertaining to them are prescribed by State statutes; local commissioners courts are given no authority over them and cannot remove them. *Id.* at * 3–4, ECF 88 at 7–8.  The Court consequently dismissed the County—the only remaining defendant—and the case. *Id.* at *5, ECF 88 at 15.

Thereafter, Plaintiffs filed this lawsuit, bringing an Establishment Clause claim against Judge Mack in his personal capacity and against Judge Mack in his official judicial capacity as an officer of the State of Texas. *See* Dkt. 1 (Compl.) at 1-2, 1 n.1 & 18 (stating that suit was being brought against Judge Mack in his official capacity is a state actor because he is acting with power granted to him by the Texas Constitution and that Plaintiffs seek declaratory relief, as well as attorneys' fees and costs in Judge Mack's official capacity only).

Judge Mack in his individual capacity subsequently moved to dismiss the individual-capacity claims, *see* Dkt. 12, Mack's Mot. to Dismiss (Sept. 4, 2019), and the Court denied that motion as well as his Motion to Reconsider.  *See* Dkt. 38, Mem. Op. and Order (Jan. 13, 2020); Dkt. 43, Order Den. Judge Mack's Mot. for Recons. or Alternatively for Cert. Under 28 U.S.C. § 1292(b) (Feb. 27, 2020).

Plaintiffs then filed a motion asking this Court to direct the State of Texas to answer or otherwise defend or, in the alternative, to enter default against Judge Mack in his Official Capacity on Behalf of the State of Texas.  *See* Dkt. 41, Pls.' Mot. for Misc. Relief Against Judge Mack in His Official Judicial Capacity (Feb. 12, 2020).  The Court granted that motion, properly holding that "Judge Mack's conduct in opening his court sessions with a prayer practice is action

taken in his official judicial capacity and that such action implicates the State of Texas." Dkt. 44, Order Granting Pls.' Mot. for Misc. Relief Against Judge Mack in his Official Capacity at 1 (Feb. 27, 2020). The Court further ordered "that the State of Texas shall have fourteen (14) days from the date of this Order either to serve on the plaintiffs an answer to the complaint or otherwise defend through a responsive pleading" and that "in the event the State fails to meet the deadline set by this Court, the Clerk shall enter default against Judge Mack in his Official Judicial Capacity on Behalf of the State of Texas, pursuant to Fed. R. Civ. P. 55(a)." *Id.*

At no point in these proceedings has Judge Mack in his official judicial capacity proffered any answer or other response. There is no document on the Docket indicating any participation in this suit by Judge Mack in his official judicial capacity, save the Process Receipt proving effective service. *See* Dkt. No. 11.

To be sure, the State, in response this Court's order, filed a motion to dismiss, *see* Dkt. No. 46, which the Court granted. *See* Dkt. No. 50, Mem. and Order at 4. But this Court did not, nor has it ever, dismissed Plaintiffs' official-capacity claim against Judge Mack. Indeed, in its Order dismissing the State of Texas, the Court reasoned that "the suit must proceed against a state official, and not against the sovereign itself," *id.* at 3, and that while the claims "against Judge Mack in his personal and official capacity" may proceed, the "plaintiffs may not seek relief separately against the State of Texas." *Id.* at 4.

Accordingly, despite the State having been dismissed as a separate entity, if Judge Mack is found liable in his official judicial capacity, the State of Texas is implicated insofar as the Plaintiffs prevail and the Court issues declaratory relief and an award of attorneys' fees. *See Brandon v. Holt*, 469 U.S. 464, 471–72 (1985) ("[A] judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents provided, of course, the public

entity received notice and an opportunity to respond."); *see also Hutto v. Finney,* 437 U.S. 678, 692 (1978) (awarding attorneys' fees and noting that "the substantive protections of the Eleventh Amendment do not prevent an award of attorney's fees against the [correctional] officers in their official capacities").

## II. Plaintiffs Have Met the Requirements for Entry of Default Judgment Against Judge Mack in His Official Capacity.

The issuance of a default judgment is governed by Federal Rule of Civil Procedure 55, which provides that default is to be issued by the Court, instead of by the Clerk, in a case, like this one, that does not involve a sum certain.[1]  When a party fails to plead or otherwise respond to a complaint within the time required by the Federal Rules of Civil Procedure, that party is in default.  *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  A default judgment is proper insofar as it is "supported by well-pleaded allegations, [which are] assumed to be true."  *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[2]  A defendant in default "admit[s] the well plead allegations of fact, except those relating to the amount of damages; and, generally, a judgment by default is treated as a conclusive and final adjudication of the issues necessary to justify the relief awarded."  *Caterpillar Fin. Servs. Corp. v. Lindsey*, 218 F.R.D. 145, 148 (S.D. Tex. 2003).

---

[1] Additionally, the Local Rules of the Southern District of Texas state that a motion for default judgment "must be served on the defendant-respondent by certified mail (return receipt requested)."  *See* S.D. TEX. LOC. R. 5.6.  Accordingly, this Motion has been so served.

[2] A court has the discretion to conduct a hearing to "establish the truth of any allegation by evidence ... or ... investigate any other matter" before it enters a default judgment.  Fed. R. Civ. P. 55(b)(2)(C); *see also* 10A Charles A. Wright *et al.,* Federal Practice & Procedure § 2688 (3d ed.1998) ("[W]hen it seems advantageous, a court may conduct a hearing to determine whether to enter a judgment by default.... [T]he court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").  That would not be required here, given that Plaintiffs have supported the factual allegations in their Complaint by way of a Motion for Summary Judgment, filed concurrently with this Motion.

Here, it is beyond dispute that the Plaintiffs brought this lawsuit against Judge Mack in his individual capacity and against Judge Mack in his official capacity as a judicial officer for the State of Texas.  *See* ECF No. 1, Compl. at 1–2 & n.1.  It is likewise beyond dispute that Judge Mack was served with Process and Summons in his official capacity (ECF No. 11) and that he failed to defend or respond either within 21 days as required by Fed. R. Civ. P. 12 or within the approximately sixteen months that have elapsed since that time.

In this case, the issuance of a default judgment is "supported by well-pleaded allegations" which must be assumed to be true.  *Wooten,* 788 F.3d at 496.  Suits brought under 42 U.S.C. § 1983 seek redress of grievances against "persons" acting under the color of law for "deprivation of any rights" granted by the Constitution.  While states are not persons for the purposes of §1983 suits, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989), government officials acting under the color of law *are*. 42 U.S.C. § 1983 (2018).  Thus, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  *Will*, 491 U.S. at 71.

A Section 1983 claimant needs to "(1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law."  *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).  When a party's "conduct satisfies the state-action requirement of the Fourteenth Amendment, that conduct is also action under color of state law and will support a suit under § 1983." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotations omitted).  To meet the state-action requirement of the Fourteenth Amendment, the alleged deprivation of rights "must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible, and the party charged with the deprivation must be a person who

may fairly be said to be a state actor." *Id.* "Generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 49–50.

Plaintiffs' Complaint straightforwardly pled that Justice Mack undertakes his prayers in his official capacity "as a judicial officer for the State of Texas," Dkt. No. 1 (Compl.) at 1, and that Texas officials have ample authority over Judge Mack's behavior, but have refused to bring that behavior to an end. *Id.* at 8-12. Indeed, this Court has already held that Judge Mack in his official capacity acts under the authority granted him by the State of Texas, stating that "Judge Mack's conduct in opening his court sessions with a prayer practice is action taken in his official judicial capacity and that such action implicates the State of Texas." Dkt. 44, Order Granting Pls.' Mot. for Misc. Relief Against Judge Mack in his Official Capacity at 1 (Feb. 27, 2020).

Thus, Plaintiffs have alleged "a violation of a right secured by the Constitution or laws of the United States" and "that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d at 638. Those allegations must be presumed to be true. *Wooten,* 788 F.3d at 496. Moreover, Plaintiffs have demonstrated the truth of these allegations by evidence, both in Plaintiffs' Brief in Support of Motion for Miscellaneous Relief Against Judge Mack in His Official Judicial Capacity, *see* Dkt. 41-2 at 4–13 (demonstrating action taken under color of state law), and in Plaintiffs' Memorandum in Support of Motion for Summary Judgment, being filed concurrently with this Motion and Memorandum (demonstrating violation of a right secured by the Constitution). Accordingly, because Judge Mack in his official capacity has failed to respond to those well-pled allegations, Plaintiffs have met all of the requirements for issuance of a default judgment against Judge Mack in his official judicial capacity.

**CONCLUSION**

For these reasons, the Court should grant Plaintiffs' Motion for Entry of Default and Default Judgment pursuant to Fed. R. Civ. P. 55(a) and (b) as to Judge Wayne Mack in his official judicial capacity.

Respectfully submitted,

/s/ Samuel T. Grover

SAMUEL T. GROVER
S.D. Tex. Bar No. 3050690
     *Counsel of Record*
ELIZABETH CAVELL
Wis. State Bar No. 1089353
Admitted *Pro Hac Vice*
FREEDOM FROM RELIGION
FOUNDATION, INC.
P. O. Box 750
Madison, WI 53701
Telephone:  608-256-8900
Telecopier:  608-204-0422
sgrover@ffrf.org / ecavell@ffrf.org

AYESHA KHAN
D.C. Bar No. 426836
Admitted *Pro Hac Vice*
ROCK CREEK LAW, LLC
5309 Burling Terrace
Bethesda, MD 20814
Telephone: 301-246-0346

December 18, 2020                                         COUNSEL FOR PLAINTIFFS